IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03254-WYD-MJW

BARUCH BACHOFER,

Plaintiff(s),

v.

TIMOTHY CREANY JR. (In his personal and official capacities),
PAULA FRANTZ (in her official capacity),
PHYSICIAN ASSISTANT KLENKE (in his official capacity),
ANGEL MEDINA (in his official capacity), and
TOM CLEMENTS, Executive Director of the Colorado Department of Corrections
    (in his official capacity),

Defendant(s).

---

## ORDER REGARDING
## DEFENDANTS' MOTION FOR PROTECTIVE ORDER PURSUANT TO FED. R. CIV. P. 26(C)(1) AND D.C.COLO.CivR 30.2 (DOCKET NO. 39)

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Defendants' Motion for Protective Order Pursuant to Fed. R. Civ. P. 26(c)(1) and D.C.COLO.LCivR 30.2 (docket no. 39). The court has reviewed the subject motion (docket no. 39) and the response (docket no. 42). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

    1.    That I have jurisdiction over the subject matter and over the parties

2

to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That Defendants argue that this court should enter a protective order prohibiting Plaintiff from taking the deposition of Nurse Kathy Smith because: (1) Nurse Smith is not a party to this lawsuit; (2) no allegations have been asserted against or about her in the Complaint [docket no. 1]; (3) Nurse Smith has nothing to do with, and has no personal knowledge about, any of the claims in the Complaint or defenses in this case; and (4) the taking of Nurse Smith's deposition does not appear to be reasonably calculated to lead to the discovery of admissible evidence;

5. That Plaintiff argues that this court should deny the subject motion (docket no. 39) because: (1) Nurse Smith does not need to be a party to be deposed; (2) Nurse Smith examined Plaintiff at the Fremont Correctional Facility Clinic concerning the medical conditions and injuries claimed by Plaintiff in his Complaint; (3) the deadline to join parties or amend the pleadings is May 22, 2013, and Plaintiff very well may seek to add Nurse Smith as a Defendant because of her actions on March 1, 2013; and (4) Nurse Smith's deposition testimony is reasonably calculated to lead to the discovery of admissible evidence;

3

6. That Fed. R. Civ. P. 26(b)(1) sets out the scope of discovery as follows: "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence;" and

7. That Nurse Smith does not need to be a party in order to take her deposition. Nurse Smith was involved in the events of March 1, 2013, and deposing her may lead to the discovery of admissible and relevant evidence concerning the claims and defenses raised in this lawsuit. For these reasons, the subject motion (docket no. 39) should be denied.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That Defendants' Motion for Protective Order Pursuant to Fed. R. Civ. P. 26(c)(1) and D.C.COLO.LCivR 30.2 (docket no. 39) is **DENIED**; and

2. That each party shall pay their own attorney fees and costs for this motion.

Done this 20th day of May 2013.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE