IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   12-cv-03254-WYD-MJW

BARUCH BACHOFER,

    Plaintiff,

v.

DR. TIMOTHY CREANY JR. (in his personal and official capacities);
WILLIAM KLENKE (in his personal capacity);
KATHY SMITH (in her personal capacity);
SERGEANT PATRICIA BURNS (in her personal capacity); and
ROGER WERHOLTZ, Acting Executive Director of the Colorado Department of Corrections (in his official capacity),

    Defendants.

---

**ORDER**

---

I.    <u>INTRODUCTION AND BACKGROUND</u>

THIS MATTER is before the Court on the Defendants' Motion for Summary Judgment (ECF No. 65), filed on December 20, 2013.   In that motion, Defendants Dr. Timothy Creany, Nurse Practitioner ("NP") William Klenke, and Colorado Department of Corrections ("CDOC") Director Roger Werholtz ("Defendants") contend that Plaintiff Baruch Bachofer's ("Bachofer") Eighth Amendment claim brought under 42 U.S.C. § 1983 relating to the adequacy of his medical treatment within the CDOC fails.   The Defendants further argue that they are entitled to qualified immunity to the extent that they are sued in their individual capacities.   Bachofer filed a response (ECF No. 83) on March 4, 2014, in which he indicated that he now only proceeds against Dr. Creany and PA Klenke in their individual capacities for damages and CDOC Director Werholtz in his

official capacity for prospective injunctive relief in the form of a permanent injunction.  On April 18, 2014, the Defendants filed a reply (ECF No. 91).   For the reasons stated below, the Defendants' motion for summary judgment is granted.

      A.      <u>Eighth Amendment Claim</u>

Bachofer, a CDOC inmate, has sued Defendants Creany and Klenke in their individual capacities for inadequate medical treatment between December 3, 2012 and January 3, 2013 in violation of the Eighth Amendment.   ECF No. 83, p.11.   On December 3, 2012, Bachofer sought medical treatment for pain that extended from his lower back to his left leg, and pain in his right foot.   ECF No. 65, ¶ 1.   After examining Bachofer, NP Klenke believed that he may have sciatica, ECF No. 65, ¶ 2, a pain that radiates from the lower back through the leg.   As a precaution, NP Klenke implemented lower bunk bed restrictions, changed Bachofer's pain medication, and issued Bachofer a cane to relieve walking pain until more could be determined about Bachofer's condition.   ECF No. 65, ¶ 2.

On December 4, 2012, x-rays were taken of Bachofer's foot and lumbar spine. ECF No. 65, ¶ 3.   The x-rays revealed a foot fracture line with a small amount of bridging callus.   ECF No. 65, ¶ 4.   Degenerative changes were also observed in Bachofer's lumbar spine, which may have been related to sciatica.   ECF No. 65, ¶ 5.   On December 11, 2012, following his review of the December 4, 2012 x-rays, NP Klenke referred Bachofer for an orthopedic consultation, and extended Bachofer's lower bunk bed restriction and cane use.   ECF No. 65, ¶ 6.   NP Klenke also imposed work restrictions to include no intensive labor, bending, heavy lifting, or prolonged standing.   ECF No. 65, ¶ 7.   Finally, Bachofer was recommended for an electromyogram test to determine if nerve

damage was the cause of his pain.   ECF No. 65, ¶ 8, ECF No. 83, ¶ 8.

On December 12, 2012, Dr. Creany first examined Bachofer for approximately two and one-half hours due to the complicated nature of his ailments and lengthy explanation of his medical history.   ECF No. 65, ¶ 10.   During the exam, Bachofer indicated that the pain in his lower back was affecting his leg, and complained of weakness and sciatica in his left leg.   ECF No. 65, ¶ 11-12.   Because Bachofer's concerns were a sign of a more serious medical condition called Cauda Equine Syndrome, Dr. Creany measured Bachofer's left and right leg muscles, but did not detect a remarkable difference in muscle size.   ECF No. 65, ¶ 12.   Dr. Creany also reviewed Bachofer's December 4, 2012 x-ray and noticed a dislocation of the L5 and L6 spinal vertebrae.   ECF No. 65, ¶ 13.   Dr. Creany requested a Magnetic Resonance Imaging ("MRI") scan to further assess Bachofer's condition.   ECF No. 65, ¶ 14.

On December 28, 2012, Bachofer received a MRI of his upper and lower extremities.   ECF No. 65, ¶ 19.   Dr. Creany reviewed the results on January 3, 2013.   ECF No. 65, ¶ 20.   The results revealed that Bachofer may suffer from moderately severe spinal stenosis, a condition in which the open space inside the vertebrae is narrowed, likely by inflammation due to damaged discs.   ECF No. 65, ¶ 20.   On January 3, 2013, Dr. Creany also authorized short-term wheelchair use as a result of Bachofer's written request.   ECF No. 65, ¶ 23-24

B.   Prospective Injunctive Relief

Bachofer has also sued CDOC Director Werholtz in his official capacity for prospective injunctive relief, *i.e.*, a permanent injunction, for the continued use of his wheelchair and pain medications.   ECF No. 83, p.11.   Bachofer asserts that his

condition has not improved since the commencement of this lawsuit and that as of March 4, 2014 he has a wheelchair and an Offender Care Aid to push his wheelchair for him. ECF No. 83, ¶ 21.   However, Bachofer contends that genuine issues of material fact remain regarding whether he will lose his wheelchair and medications unless a permanent injunction is entered.   ECF No. 83, ¶ 22.   In support, Bachofer describes four instances that compel the need for a permanent injunction.

First, Bachofer asserts that on December 14, 2012 a prison guard named Patricia Burns determined that he was making up his medical condition because she saw him standing and capable of walking short distances.   ECF No. 83, ¶ 22.   Bachofer states that he never alleged that he could not walk or stand, but that he can only do so for short periods of time.   ECF No. 83, ¶ 22.

Second, Bachofer contends that on March 1, 2013 Nurse Kathy Smith was intentionally indifferent towards the swelling in his leg.   ECF No. 83, ¶ 22.   Nurse Smith sent Bachofer back to his cell without treatment until Dr. Creany intervened a few hours later.   ECF No. 83, ¶ 22.

Third, Bachofer states that the events surrounding a failed surgery to correct nerve damage in his left elbow and hand involved cruel and unusual punishment.   ECF No. 83, ¶ 22.   Specifically, he claims that the guards and nursing staff at the Denver Reception and Diagnostic Center denied his pain medication for hours or days at a time following his surgery because they were understaffed.   ECF No. 83, ¶ 22.

Finally, Bachofer contends that a CDOC medical staff member threatened to take away his wheelchair and put him in "the hole" if he refused to walk because she was too lazy and indifferent to assign him an Offender Care Aid to push his wheelchair.   ECF No.

83, ¶ 23. Bachofer asserts that he is too weak to push his own wheelchair because the muscles in his hands are wasting away.  ECF No. 83, ¶ 23.

II.     ANALYSIS

    A.     Standard of Review

Summary judgment may be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the . . . moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' if, under the governing law, it could have an effect on the outcome of the lawsuit." *E.E.O.C. v. Horizon/ CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). "A dispute over a material fact is 'genuine' if a rational jury could find in favor of the nonmoving party on the evidence presented." *Id.*

The burden of showing that no genuine issue of material fact exists is borne by the moving party. *Horizon/CMS Healthcare Corp.*, 220 F.3d at 1190. "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quotation omitted). When applying the summary judgment standard, the court must "'view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.'" *Id.* (quotation omitted). All doubts must be resolved in favor of the existence of triable issues of fact. *Boren v. Southwestern Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir. 1991).

     B.    <u>Discussion</u>

          1.    <u>Eighth Amendment Claim and Qualified Immunity</u>

Dr. Creany and NP Klenke contend that they are entitled to qualified immunity to the extent that they are sued in their individual capacities. "When a defendant asserts a qualified immunity defense, the burden shifts to the plaintiff, who must first establish that the defendant violated a constitutional right." *Cortez v. McCauley*, 478 F.3d 1108, 1114 (10th Cir. 2007). "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Id.* "If, on the other hand, a violation has been shown, the plaintiff must then show that the constitutional right was clearly established." *Id.*

Bachofer contends that Dr. Creany and NP Klenke violated the Eighth Amendment by providing him with inadequate medical treatment between December 3, 2012 and January 3, 2013. "[T]he Eighth Amendment's ban on cruel and unusual punishment . . . [is violated if] 'deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain.'" *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006). The inadvertent failure to provide adequate medical care or allegations of a physician's negligence are not enough. *Id.* "[A] prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.*

"Deliberate indifference has both an objective and subjective component." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999). Under the objective component, "the alleged deprivation must be sufficiently serious to constitute a deprivation of constitutional dimension." *Self*, 439 F.3d at 1230. "The medical need must be sufficiently serious to

satisfy the objective component." *Hunt*, 199 F.3d at 1224. "[A] medical need is sufficiently serious 'if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Id.*

Under the subjective component, "the prison official must have a sufficiently culpable state of mind." *Self*, 439 F.3d at 1231. "The subjective component is akin to recklessness in the criminal law, where, to act recklessly, a person must consciously disregard a substantial risk of serious harm." *Id.* (internal quotation marks omitted). "As long as the prison physician 'provides a level of care consistent with the symptoms presented by the inmate, absent evidence of actual knowledge or recklessness, the requisite state of mind cannot be met.'" *Heidtke v. Corr. Corp. of Am.*, 489 F. App'x 275, 280-81 (10th Cir. 2012). Moreover, "[a] difference of opinion between a physician and a patient does not give rise to a constitutional right or sustain a claim under [42 U.S.C.] § 1983." *Coppinger v. Townsend*, 398 F.2d 392, 394 (10th Cir. 1968).

Here, Bachofer's alleged deprivation appears to be sufficiently serious to constitute a deprivation of constitutional dimension. Bachofer's medical need was diagnosed by Dr. Creany as requiring treatment. *See Hunt*, 199 F.3d at 1224. Thus, Bachofer likely satisfies the objective component. However, the requisite state of mind to support an Eighth Amendment violation under the subjective component is absent. As explained below, Dr. Creany and NP Klenke provided a level of care consistent with the symptoms presented by Bachofer. *See Heidtke*, 489 F. App'x at 280-81.

When Bachofer sought treatment for pain extending from his lower back to his left leg on December 3, 2012, NP Klenke's examination revealed that Bachofer may have

sciatica.   NP Klenke imposed lower bunk bed restrictions, changed Bachofer's pain medication, and authorized the use of a cane.   NP Klenke also referred Bachofer for an orthopedic consult for further examination.   Regarding Dr. Creany, he initially examined Bachofer on December 12, 2012 for two and one-half hours.   Dr. Creany took measurements of Bachofer's leg muscles as a precautionary measure, reviewed x-rays, and ordered and reviewed a MRI.   Dr. Creany also subsequently issued Bachofer a wheelchair per Bachofer's written request.

Bachofer claims that the care that he received from Dr. Creany and NP Klenke was inadequate.   I disagree.   The record demonstrates that the level of care provided was consistent with the symptoms presented by Bachofer.   Bachofer's complaints are no more than a difference of opinion, which does not give rise to a constitutional right.   See *Coppinger,* 398 F.2d at 394.   Therefore, I find that Dr. Creany and NP Klenke are entitled to qualified immunity and summary judgment is appropriate on Bachofer's Eighth Amendment claim in favor of Dr. Creany and NP Klenke.

    2.    <u>Prospective Injunctive Relief</u>

Bachofer has also sued CDOC Director Werholtz in his official capacity seeking a permanent injunction to ensure continued use of his wheelchair and pain medications. In order to grant a permanent injunction, four requirements must be satisfied: "(1) actual success on the merits; (2) irreparable harm unless the injunction is issued; (3) the threatened injury outweighs the harm that the injunction may cause the opposing part[ies]; and (4) the injunction, if issued, will not adversely affect the public interest."

*Klein-Becker USA, LLC v. Englert*, 711 F.3d 1153, 1164 (10th Cir. 2013).  "A permanent injunction cannot be granted if any of the four requirements has not been met."  *Utah Envtl. Cong. v. U.S. Bureau of Land Mgmt.*, 119 F. App'x 218, 220 (10th Cir. 2004).

In his response to the Defendants' motion for summary judgment, Bachofer states that there must be a bench trial to litigate the disputed issues of material fact regarding the need for a permanent injunction.  Bachofer asserts that a permanent injunction is necessary because the CDOC will take away his wheelchair and pain medications if this lawsuit is dismissed.  ECF No. 83, p. 24.  The Defendants, however, contend that Bachofer's continued treatment has been appropriate and within constitutional limits.  Regarding Bachofer's wheelchair, the Defendants note that long-term use is only likely to worsen his condition and attempts were made to get Bachofer to use his upper arms to prevent further atrophy.  ECF No. 91, p. 10.  Regarding Bachofer's pain medication, the Defendants assert that while it is difficult to ever take away pain completely, a treatment plan has been developed for his pain management.  ECF No. 91, p. 11.

I find that the first two requirements of the permanent injunction analysis have not been met.  As previously discussed, summary judgment was granted on Bachofer's underlying Eighth Amendment claim.  Thus, actual success on the merits has not been achieved.  Likewise, there is no indication that there will be irreparable harm unless an injunction is issued.  Recall that "[a] difference of opinion between a physician and a patient does not give rise to a constitutional right or sustain a claim under [42 U.S.C.] § 1983."  *Coppinger,* 398 F.2d at 394.  Therefore, I find that summary judgment is appropriate on Bachofer's permanent injunction motion.

III.     CONCLUSION

Accordingly, it is

ORDERED that the Defendants' Motion for Summary Judgment (ECF No. 65) is **GRANTED** because Dr. Timothy Creany and Nurse Practitioner William Klenke are entitled to qualified immunity against Bachofer's Eighth Amendment claim.   Therefore, the claim asserted against these two defendants is dismissed with prejudice.   It is

FURTHER ORDERED that summary judgment is **GRANTED** in favor of CDOC Director Roger Werholtz regarding Bachofer's permanent injunction motion.   Therefore, the request for a permanent injunction is **DENIED**.   It is

FURTHER ORDERED that the trial preparation conference and trial dates are **VACATED**.   It is

FURTHER ORDERED that the Unopposed Motion to Vacate and Reset Trial (ECF No. 97) is **DENIED** as moot.

Dated:   December 10, 2014.

BY THE COURT:


s/ Wiley Y. Daniel
WILEY Y. DANIEL,
SENIOR UNITED STATES DISTRICT JUDGE